**UNITED STATES of America, Plaintiff,**

v.

**Charles Champ WILLIAMS, Betty A. Williams, Stephen S. Williams, Susan Williams Wood, Defendants.**

**No. 86–95–CR–ORL–18.**

United States District Court, M.D. Florida, Orlando Division.

Nov. 13, 1987.

William T. Ramsey, Nashville, Tenn., for Susan Williams Wood.

David B. King, Orlando, Fla., for Stephen S. Williams.

Ed Booth, Booth and Arnold, Jacksonville, Fla., for Charles Champ Williams.

Steve Calvacca, Office of the U.S. Atty., Orlando, Fla., for the U.S.

## SENTENCING COMMENTS

WATSON, District Judge, Sitting by Designation.

Following a jury trial, the Defendants, Charles Champ Williams, Stephen S. Williams and Susan Williams Wood, were each found guilty of one count of conspiracy to commit income tax fraud in violation of 18 U.S.C. Section 371. The Defendant, Betty A. Williams, was found not guilty.

A great deal has been said concerning the Orange County, Florida community and the possibility of punishing the Defendants, Charles Champ Williams, Stephen S. Williams and Susan Williams Wood, by having them perform services for the community. However, this is not a state court sitting in Orange County. There is a larger community and a larger community of interest that is at stake here.

Some persons may feel that sending the Defendants to jail for conspiracy to commit income tax fraud, a white collar crime, is somehow cruel, as if jails are more suited to persons who have committed violent acts, or as if no real purpose other than mindless revenge is satisfied by incarcerating a white collar criminal for his or her "brainy" crime.

I do not hold this view. Just as equality of opportunity and equality of treatment is a goal of this society in all areas, there must also be an element of fairness and equality in the way our criminal justice system applies the punishments provided by law. Thus, if the temporary deprivation of liberty is considered to be a proper punishment for crimes, and if the law provides for imprisonment for crimes, both violent and nonviolent, then this choice represents the democratic and collective wisdom of the people of this country. With these thoughts in mind, the reluctance to send a business person to jail begins to look like an unjustifiable distinction between crimes of cleverness and crimes of violence.

It is true that the rationale of sending someone to jail to protect society from his or her further criminal activity is not a major factor in the present case, as I do not see these Defendants as likely to repeat these crimes. However, I am imposing jail sentences for these Defendants for a number of other valid reasons.

First, there is the obvious and direct reason of punishing bad conduct in a way that shows that the law is still the law and a crime is still a crime. This goes contrary to the apparent trend in this country to alter normal standards of conduct for people who occupy positions of privilege and power in society. By this inverted standard, the further one goes up the scale of achievement and power the more likely are crimes to be treated as mistakes, or misjudgments, or something less reprehensible than a crime. This is wrong. Such a system can lead our society to tolerate crimes that are on a larger and more efficient scale. Additionally, such a system would be a threat to the rule of law which guarantees all that is beneficial in our lives, aside from maintaining what is punitive.

I also find that deterrence is a major factor in sentencing these Defendants. By this I mean that imposing a jail sentence upon conviction of a crime of this type will affect the conduct of others who may be

engaged in, or contemplating, a crime of this type.

The Defendants committed a business crime. Yet, one of the constants in the conduct of business people is that they are particularly attuned to information about conditions affecting their business. Business people plan their projects with tax laws in mind. They are also particularly sensitive to knowing the rules of the game, whether the rule is zoning, health and safety regulations or financing.

One of the big rules of the game is not to cheat the silent partner in all business ventures, the government of the United States. Many of us may feel less than complete happiness with the share taken by this silent partner, but we do not have the right to engage in a full-scale, sustained scheme to cut the silent partner out. We have to accept that the government's share, or at least a portion of it, is going for some of the things that are necessary for maintaining the conditions that make our businesses possible. For example, the government maintains our roads that carry our customers to us, the government regulates and enforces safety standards which enable airlines to service our airports that bring customers to our area, and the government performs many other services that keep the mechanism of our country in operation.

Accordingly, the sentence imposed on these Defendants is intended to give pause to and deter others who may experience the temptations that come from running a business and having to share the profit with the government. If business people come to feel that they are immune from real punishment for violating the law, then we are headed for hard and lawless times. The business people of this country must realize that the laws apply to them, and that the punishments provided by law apply to them.

In light of the comments I have just made, it should be clear why I have rejected the alternative of community service or any other alternative which does not include incarceration. Those alternatives lack the full impact of punishment and substitute a more flattering or congenial form of charitable sacrifice. A sentencing alternative that does not include incarceration does not adequately serve the purposes of punishment and deterrence.

The maximum sentence provided for this crime is five (5) years imprisonment and a $10,000.00 fine. I will explain how I arrived at the lesser periods of time to which I am sentencing the Defendants.

With respect to Charles Champ Williams, the following factors tended to reduce the period of incarceration: his age, his honorable military service, his charitable deeds in the community, both those that are known and those that are unheralded, and the fact that this is his first meaningful criminal offense. The following factors tended towards the enlargement of the period of incarceration for Charles Champ Williams: the fact that he appears to have been the originator and dominant figure in this crime, that he introduced his children into the scheme and took a major share of the fruits. Thus, for Charles Champ Williams, the Court arrived at the following sentence:

It is adjudged that as to the One Count Indictment, the Defendant, Charles Champ Williams, is committed to the custody of the Attorney General, or his authorized representative, for imprisonment for a period of two and one-half years, or until otherwise discharged as provided by law. This sentence of incarceration shall be stayed during the pendency of appeal.

It is further adjudged that the Defendant, Charles Champ Williams, shall pay the United States a committed fine of $10,-000.00, which shall be due immediately.

The Defendant, Charles Champ Williams, shall pay an assessment to the United States in the amount of $50.00 pursuant to 18 U.S.C. Section 3013.

■ With respect to Stephen S. Williams, the favorable factors which tended towards a lowering of the period of incarceration were as follows: the fact that he did not originate the scheme, his honorable military service, his beneficial work in the community, cultural and religious areas, and, of course, the fact that this is his first criminal offense. On the other side, tend-

ing to increase the period of incarceration was his active and sustained role in the scheme in a relatively important capacity and the fact that he took a relatively large share of the fruits.

It is adjudged that as to the One Count Indictment, the Defendant, Stephen S. Williams, is committed to the custody of the Attorney General, or his authorized representative, for imprisonment for a period of two and one-half years, or until otherwise discharged as provided by law. This sentence of incarceration shall be stayed during the pendency of appeal.

It is further adjudged that the Defendant, Stephen S. Williams, shall pay the United States a committed fine of $10,000.00, which shall be due immediately.

The Defendant, Stephen S. Williams, shall pay an assessment to the United States in the amount of $50.00 pursuant to 18 U.S.C. Section 3013.

For Susan Williams Wood, the ameliorating factors were more prominent than for the other Defendants. Her role in the scheme, although active and sustained, appears to have been in a relatively subordinate capacity. She also received a smaller share of the fruits. This was also her first offense.

It is adjudged that as to the One Count Indictment, the Defendant, Susan Williams Wood, is committed to the custody of the Attorney General, or his authorized representative, for imprisonment for a period of one (1) year and one (1) day, or until otherwise discharged as provided by law. This sentence of incarceration shall be stayed during the pendency of appeal.

It is further adjudged that the Defendant, Susan Williams Wood, shall pay the United States a committed fine of $10,000.00, which shall be due immediately.

The Defendant, Susan Williams Wood, shall pay an assessment to the United States in the amount of $50.00 pursuant to 18 U.S.C. Section 3013.